IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Annzala Pitt,<br><br>                  Plaintiff,<br><br>vs.<br><br>Wells Fargo Bank, National Assoc.,<br><br>                  Defendant. | C/A No. 3:21-cv-3428-JFA-TER<br><br>**ORDER** |

**I.    INTRODUCTION**

In this employment discrimination case, Annzala Pitt sues her former employer, Wells Fargo Bank, National Association, asserting claims of race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). All pretrial proceedings in this case, including Defendant's motion to compel arbitration and to dismiss (ECF No. 16) were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

After reviewing the motion and all responsive briefs, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Defendant's motion. (ECF No. 24). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Plaintiff filed objections to the Report on April 14, 2021 (ECF No. 26), to which Defendant replied (ECF No. 27). Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 24). In response to the Report, Plaintiff enumerated five separate objections. (ECF No. 26). Although most of these objections appear to be mere disagreements with the Magistrate Judge's conclusions supported by a rehashing of those arguments previously presented, the Court will nevertheless address each argument below.

Within her first objection, Plaintiff asserts that the Magistrate Judge erroneously states that the Plaintiff failed to support her arguments with any citations to case law. Plaintiff then references several cases she cited within her response to Defendant's motion. Plaintiff's argument here misses the mark. The Report correctly noted that Plaintiff failed to cite any case law in support of her argument that the delay in raising arbitration constituted a waiver of Defendant's right to arbitration. The cases the Plaintiff references

3

in her objection relate only to the standard of review—not the substantive allegations of the motion. Thus, this objection is overruled.

Plaintiff next asserts that the "Court failed to consider the following: Even a lengthy delay may not be sufficient, on its own, to prove that a party defaulted on its right to compel arbitration" and the "pivotal question for this court is whether the party objecting to arbitration has suffered actual prejudice." (ECF No. 26, p. 5)(citations omitted). This objection lacks merit because the Magistrate Judge specifically considered these principles within the Report. Specifically, the Report noted that a "delay of several months, without more, is insufficient to demonstrate the opposing party suffered actual prejudice." (ECF No. 24, p. 7)(citations omitted). The Report concluded that "Plaintiff does not address either of these factors or otherwise explain the prejudice she would suffer if this matter is referred to arbitration." *Id.* Likewise, Plaintiff's objection fails to explain any prejudice here. Thus, this objection is overruled.

Plaintiff's third objection is that the Court "failed to consider that the delay by the Defendant was intentional in order to gain the upper hand in litigation." As stated above, Plaintiff fails to show any prejudice or otherwise support this statement. The Report notes that "[b]oth the amount of delay and the extent of Defendant's trial-oriented activity are minimal." (ECF No. 24, p. 7). Plaintiff fails to show how this conclusion was in error. Thus, this objection is overruled as well.

Plaintiff's fourth objection again states that the Report "fails to consider any prejudice to the Plaintiff." She supports this statement by arguing that "no one explained the agreement to Plaintiff." (ECF No. 26, p. 5). The Court agrees with Defendant's

4

assessment that this objection may be attempting to argue that the arbitration agreement is unconscionable. This argument was squarely addressed and rejected by the Magistrate Judge. After identifying the applicable law, the Report concluded that "Plaintiff's argument that the Arbitration Agreement is unenforceable because no one explained it to her is unavailing." (ECF No. 24, p. 9). Plaintiff offers no citation or support for this objection. Thus, this objection is likewise overruled.

Plaintiff's final objection is that the arbitration agreement is invalid for lack consideration. Again, this argument was squarely raised, considered, and rejected in the Report. Specifically, the Report stated that in "South Carolina, continued at-will employment constitutes sufficient consideration for an arbitration agreement." (ECF No 24, p. 8). Plaintiff fails to address the authority cited by the Magistrate Judge or offer any support for her contrary position. Thus, this objection also fails.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 24). For the reasons discussed above and in the Report, Defendant's motion to compel arbitration (ECF No. 16) is granted. Thus, this matter is dismissed without prejudice.

IT IS SO ORDERED.

May 4, 2022                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge